| | |
|---|---|
| **18th Judicial District Court, Arapahoe County, Colorado**<br>**District Court**<br>Court Address: Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, CO 80112 | DATE FILED: January 22, 2022 12:23 PM<br>FILING ID: 388159AF705DB<br>CASE NUMBER: 2022CV30120 |
| **Plaintiff:** Almaz Tefera<br><br>v.<br><br>**Defendant(s):** Falkin-Platnick Realty Group, Inc. and Elk Ridge SPE II, LLC | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Attorney: J. Richard Kunckel, #45454<br>Address: Law Office of J. Richard Kunckel<br>1525 Josephine St.<br>Denver, CO 80206<br>Phone Number: (307) 258-4606<br>Fax Number: (303) 733-4068<br>E-Mail: rkunckel@icloud.com<br><br>Attorney: Aklil H. Hailu, #40388<br>Address: AKLIL HAILU LAW, LLC<br>1525 Josephine St.<br>Denver, CO 80206<br>Phone Number: (720) 998-7200<br>Fax Number: (888) 340-0497<br>Email: aklil.hailu@hailulawfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW PLAINTIFF, Almaz Tefera, by and through her attorneys, J. Richard Kunckel and Aklil Hailu Law, LLC, and Complains against the above named Defendant(s) as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff, Almaz Tefera, is a citizen and domicile of the State of Colorado residing at 14813 East 5th Circle, Apt. A, Aurora, CO 80011.

2. Defendant, Falkin-Platnick Realty Group, Inc. is licensed to do business in the State of Colorado.

3. Defendant, Falkin-Platnick Realty Group, Inc.'s principal place of business is located at 14813 East 5th Circle, Aurora, CO 80011.

4. Based on information and belief, Defendant, Falkin-Platnick Realty Group, Inc. is the owner of the land upon which Elk Ridge Apartments is located.

5. Defendant, Elk Ridge SPE II, LLC is licensed to do business in the State of Colorado.

6. Defendant, Elk Ridge, SPE II, LLC's principal place of business is 14813 East 5th Circle, Aurora, CO 80011.

7. Based on information and belief, Defendant, Elk Ridge SPE II, LLC is the owner of the land upon which Elk Ridge Apartments is located.

8. All torts alleged herein occurred in Arapahoe County, Colorado.

9. Jurisdiction and Venue are proper in this Court.

## GENERAL ALLEGATIONS

10. On or about February 12, 2020, Plaintiff, Almaz Tefera, was within the premises of 14813 East 5th Circle, Aurora, CO 80011.

9. Based on information and belief, Plaintiff, Almaz Tefera, resided at 14813 East 5th Circle, Apartment A, Aurora, CO 80011.

10. Based on information and belief, 14813 East 5th Circle, Aurora, CO 80011 is an apartment complex commonly known as the Elk Ridge Apartments.

11. Based on information and belief, Defendants Falkin-Platnick Realty Group, Inc. and Elk Ridge SPE II, LLC had control of the premises commonly known as Elk Ridge Apartments.

12. Based on information and belief, Defendants Falkin-Platnick Realty Group, Inc. and Elk Ridge SPE II, LLC had possession of the premises commonly known as Elk Ridge Apartments.

13. Based on information and belief, Defendants Falkin-Platnick Realty Group, Inc. and Elk Ridge SPE II, LLC had ownership of the premises commonly known as Elk Ridge Apartments.

14. Based on information and belief, a snow storm occurred approximately February 10, 2020 or February 11, 2020.

15. Based on information and belief, between the time the snow storm happened and February 12, 2020 snow and ice formed on the premises of the Elk Ridge Apartments.

16. On February 12, 2020, Ms. Tefera was walking the sidewalks near her apartment when she slipped and fell on ice.

17. Based on information and belief, the Defendants did not take proper precautions to mitigate the accumulation of snow and ice build-up on the sidewalks of the Elk Ridge Apartments where Ms. Tefera slipped and fell.

18. Based on information and belief, the Defendants did not post any signage to warn about the ice accumulation.

19. Ms. Tefera slipped on the accumulated ice and broke her lower right leg.

20. The Defendants had control of the sidewalks and parking lot around the Elk Ridge Apartments.

21. The Defendants had possession of the sidewalks and parking lot around the Elk Ridge Apartments.

22. The Defendants had ownership of the sidewalks and parking lot around the Elk Ridge Apartments.

23. The accumulated ice created an unreasonably dangerous condition.

24. The Defendants knew or should have known that the accumulated ice created an unreasonably dangerous condition.

25. The Defendants were landowners as defined in C.R.S. §13-21-115.

26. The Defendants were legally responsible for the maintenance and upkeep of the sidewalks and parking lot around the Elk Ridge Apartments, including the performance of ice mitigation and prevention techniques to ensure the safety of invitees, patrons, and residents of the Elk Ridge Apartments.

27. The sidewalks and parking lot around the Elk Ridge Apartments upon which this dangerous condition existed was designed for use by invitees, patrons, and residents of the the Elk Ridge Apartments.

28. It was possible to reduce the dangerous condition then existing on the sidewalks and parking lot around the Elk Ridge Apartments through additional safety measures.

29. Ms. Tefera sustained injuries after slipping and falling on the accumulated ice on the sidewalks and parking lot around the Elk Ridge Apartments operated by the Defendants.

## FIRST CAUSE OF ACTION AGAINST
## DEFENDANT FALKIN-PLATNICK REALTY GROUP, INC.
## **PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115**

30. Plaintiff incorporates by reference all preceding paragraphs as fully set forth herein.

31. Defendant, Falkin-Platnik Realty Group, Inc. had a duty to maintain the premises in a reasonably safe condition so that invitees, patrons, and residents, expressly or implicitly invited onto the premises, for business or any other purpose, are not being invited into danger.

32. Defendant, Falkin-Platnik Realty Group, Inc. failed to exercise reasonable care in protecting invitees, patrons, and residents against the danger of the accumulated ice on the sidewalks and parking lot around the Elk Ridge Apartments of which Defendant, Falkin-Platnik Realty Group, Inc. knew or should have known.

33. Defendant, Falkin-Platnik Realty Group, Inc. failed to take the necessary steps to warn invitees, patrons, and residents of dangers existing on the sidewalks and parking lot around the Elk Ridge Apartments of which Defendant Falkin-Platnik Realty Group, Inc. knew or should have known.

34. Plaintiff was in no way negligent in her actions with regard to the injuries sustained on February 12, 2020.

35. As a direct and proximate result of the negligence of Defendant, Falkin-Platnik Realty Group, Inc. and/or tortuous conduct by the same, Plaintiff suffered injuries, damages, and other losses which Plaintiff is entitled to recover.

## SECOND CAUSE OF ACTION AGAINST
## DEFENDANT FALKIN-PLATNIK REALTY GROUP, INC.
## **NEGLIGENCE**

36. Plaintiff incorporates by reference all preceding paragraphs as fully set forth herein.

37. Defendant, Falkin-Platnik Realty Group, Inc. had a duty to Plaintiff.

38. Defendant, Falkin-Platnik Realty Group, Inc. breached this duty to Plaintiff.

39. Defendant, Falkin-Platnik Realty Group, Inc.'s breach of the duty owed to Plaintiff is the actual and proximate cause of Plaintiff's injuries and losses.

40. Plaintiff suffered injuries and losses as a result of Defendant, Falkin-Platnik Realty Group, Inc.'s negligence.

## FIRST CAUSE OF ACTION AGAINST
## DEFENDANT ELK RIDGE SPE II, LLC
## PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115

41. Plaintiff incorporates by reference all preceding paragraphs as fully set forth herein.

42. Defendant, Elk Ridge SPE II, LLC had a duty to maintain the premises in a reasonably safe condition so that invitees, patrons, and residents, expressly or implicitly invited onto the premises, for business or any other purpose, are not being invited into danger.

43. Defendant, Elk Ridge SPE II, LLC failed to exercise reasonable care in protecting invitees, patrons, and residents against the danger of the accumulated ice on the sidewalks and parking lot around the Elk Ridge Apartments of which Defendant, Elk Ridge SPE II, LLC knew or should have known.

44. Defendant, Elk Ridge SPE II, LLC failed to take the necessary steps to warn invitees, patrons, and residents of dangers existing on the sidewalks and parking lot around the Elk Ridge Apartments of which Defendant Elk Ridge SPE II, LLC knew or should have known.

45. Plaintiff was in no way negligent in her actions with regard to the injuries sustained on February 12, 2020.

46. As a direct and proximate result of the negligence of Defendant, Elk Ridge SPE II, LLC and/or tortuous conduct by the same, Plaintiff suffered injuries, damages, and other losses which Plaintiff is entitled to recover.

## SECOND CAUSE OF ACTION AGAINST
## DEFENDANT ELK RIDGE SPE II, LLC
## NEGLIGENCE

47. Plaintiff incorporates by reference all preceding paragraphs as fully set forth herein.

48. Defendant, Elk Ridge SPE II, LLC had a duty to Plaintiff.

49. Defendant, Elk Ridge SPE II, LLC breached this duty to Plaintiff.

50. Defendant, Elk Ridge SPE II, LLC's breach of the duty owed to Plaintiff is the actual and proximate cause of Plaintiff's injuries and losses.

51. Plaintiff suffered injuries and losses as a result of Defendant, Elk Ridge SPE II, LLC's negligence.

## DAMAGES

52. Plaintiff incorporates by reference all preceding paragraphs as fully set forth herein.

53. As a direct and proximate result of the Defendants' negligence and/or other wrongful conduct, the Plaintiff has sustained permanent injuries, and/or lost wages, and/or has incurred or will incur reasonable and necessary medical expenses.

54. As a direct and proximate result of the Defendants' negligence and/or other wrongful conduct, the Plaintiff has and will continue to endure, pain and suffering, physical impairment and disfigurement, loss of enjoyment of life, loss of earning and/or earning potential, expenses for the services of doctors and other health care providers and medical supplies.

55. As a direct and proximate result of the Defendants' negligence, the Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants in an amount to fairly compensate her for the injuries as set forth above, court costs, expert witness fees and other costs, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper including the following:

A. Award the Plaintiff damages for an amount which will reasonably compensate the Plaintiff for past, present, and future economic loss; past and future non-economic damages; medical expenses, past and future; permanent limitations, injuries, and/or physical impairment and disfigurement; limitations and/or disabilities of the body and/or mind; past and future, pain and suffering; loss of enjoyment of life and/or the capacity of life; interest as provided by statute; and

B. Grant Plaintiff such other and further relief as this Court deems necessary and proper, including costs and attorney's fees.

## JURY DEMAND

Plaintiff demands trial by Jury.

Dated this 22nd day of January, 2022.

                                                           Respectfully Submitted,

                                                           */s/ J. Richard Kunckel*
                                                           J. Richard Kunckel, #45454
                                                           1525 Josephine St.
                                                           Denver, CO  80206
                                                           (307) 258-4606
                                                           *A duly authorized signature is on file at Mr. Kunckel's office*

| | |
|---|---|
| **18th Judicial District Court, Arapahoe County, Colorado** **District Court** Court Address: Arapahoe County Justice Center 7325 South Potomac Street Centennial, CO 80112 | DATE FILED: January 22, 2022 12:23 PM FILING ID: 388159AF705DB CASE NUMBER: 2022CV30120 |
| **Plaintiff:** Almaz Tefera v. **Defendant(s):** Falkin-Platnick Realty Group, Inc. and Elk Ridge SPE II, LLC      Inc. | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:** Attorney: J. Richard Kunckel, #45454 Address: Law Office of J. Richard Kunckel 1525 Josephine St. Denver, CO 80206 Phone Number: (307) 258-4606 Fax Number: (303) 733-4068 E-Mail: rkunckel@icloud.com  Attorney: Aklil H. Hailu, #40388 Address: AKLIL HAILU LAW, LLC 1525 Josephine St. Denver, CO 80206 Phone Number: (720) 998-7200 Fax Number: (888) 340-0497 Email: aklil.hailu@hailulawfirm.com | Case Number:  Division: |
| **SUMMONS** | |

**THE PEOPLE OF THE STATE OF COLORADO**
**TO THE ABOVE-NAMED DEFENDANT:**

   You are summoned and required to file with the Clerk of this Court an answer or other response to the attached complaint within twenty-one (21) days after this summons is served on you in the State of Colorado, or within thirty-five (35) days after this summons is served on you outside the State of Colorado.

   If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the complaint, without any further notice to you.

Dated: January 22, 2022.

/s/ J. Richard Kunckel
J. Richard Kunckel #45454
Attorney for Plaintiff
*A duly authorized signature is on file*

*at Mr. Kunckel's Office*

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 4, C.R.C.P., AS AMENDED. A COPY OF THE COMPLAINT MUST BE SERVED WITH THIS SUMMONS.**

| 18th Judicial District Court, Arapahoe County, Colorado<br>District Court<br>Court Address: Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, CO 80112 | DATE FILED: January 22, 2022 12:23 PM<br>FILING ID: 388159AF705DB<br>CASE NUMBER: 2022CV30120 |
|---|---|
| **Plaintiff:** Almaz Tefera<br><br>v.<br><br>**Defendant(s):** Falkin-Platnick Realty Group, Inc. and Elk Ridge SPE II, LLC | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Attorney:   J. Richard Kunckel, #45454<br>Address:    Law Office of J. Richard Kunckel<br>1525 Josephine St.<br>Denver, CO 80206<br>Phone Number: (307) 258-4606<br>Fax Number:   (303) 733-4068<br>E-Mail:       rkunckel@icloud.com<br><br>Attorney:   Aklil H. Hailu, #40388<br>Address:    AKLIL HAILU LAW, LLC<br>1525 Josephine St.<br>Denver, CO 80206<br>Phone Number: (720) 998-7200<br>Fax Number:   (888) 340-0497<br>Email:        aklil.hailu@hailulawfirm.com | Case Number:<br><br><br><br><br>Division          Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

❑The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

❑Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

❑A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

❑C.R.C.P. 16.1 applies to this case.

❑C.R.C.P. 16.1 does not apply to this case.

3. ☒This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: January 22, 2022.          /s/ J. Richard Kunckel, #45454
                                 J. Richard Kunckel
                                 Attorney for Plaintiff
                                 *A duly authorized signature is on file at Mr. Hansuld's office.*